LOUISE URICH

*v.*

THOMAS J. WATTS et al.

[Filed June 27th, 1905.]

The complainant purchased lands of the defendant, and, after discovery of an alleged mistake in the description, made an oral agreement with the defendant to purchase the additional land claimed to have been intended to have been included in the original purchase, and soon after the complainant began building a porch thereon on the faith of this agreement, which porch was completed without the defendant's objection. —*Held*, that this subsequent oral agreement cannot be repudiated after a year's possession under it in order to obtain specific performance of the alleged original parol agreement of purchase by having the deed corrected to include the land in question.

*Mr. Frank Voigt* and *Mr. Frank E. Bradner,* for the complainant.

*Mr. Charles R. Snyder* and *Mr. Edmund Wilson,* for the defendants.

EMERY, V. C.

On the evidence in this case I am satisfied that the complainant, after the discovery of the alleged mistake in the description contained in her deed, made an agreement with the defendant Watts for the right to purchase the additional land now claimed to have been intended to be included in the original purchase. This agreement for purchase was made on her behalf by her son, soon after the commencement of complainant's building, and the completion and continuance of complainant's porch on the disputed land, to which the grantor still held the title, was permitted by the grantor on the faith of this agreement or option of purchase within a year. I conclude, therefore, that this agreement, followed by possession for more than a year, cannot now be repudiated in order to obtain a specific performance of the alleged parol agreement of purchase made prior to the execution of the deed and alleged to have included the land in question as part of the original purchase. The enforcement of this contract is sought by the bill and the correction of the deed for the purpose of enforcing it, and even if the alleged agreement was satisfactorily proved, the complainant, in view of her subsequent agreement, is not now equitably entitled to a specific performance of it. The bill must therefore be dismissed upon this ground, without considering the further questions raised. These were (1) the insufficiency of the parol proof to establish the alleged contract under the statute of frauds. The possession relied on to take the case out of the statute is, as I find, fairly referable to the subsequent agreement with the grantor, and not to the alleged original agreement. (2) The merger and termination of all prior contracts by the deed finally accepted in the form which all parties agreed upon. This subsequent agreement to purchase the disputed strip of land was set up in

the answers, but complainant made no application to amend her bill in order to obtain relief under this agreement, if made. On the contrary, she denied making or authorizing her son to make the subsequent agreement, and at the hearing declined to apply for relief on the subsequent contract. The bill stands, therefore, purely as a bill to enforce the alleged prior parol agreement, and must be dismissed.